UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM HUBERT LLOYD BRANDSTATT,<br><br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>DR. ANTHONY ENENMOH, C.M.O, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:13-cv-00434-RRB<br><br>**DISMISSAL ORDER** |
|---|---|

William Hubert Lloyd Brandstatt, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against various officials.[1] Brandstatt is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the California State Prison–Corcoran.

**I.    SCREENING REQUIREMENTS**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

　　[1]　In addition to Dr. Enemoh, Brandstatt has named as defendants, Dr. Godwin Ugwueze, Dr. Nyenke, Dr. Tiggs-Brown, L.D. Zamora, Chief of Medical Appeals, and John Doe, the federally appointed receiver.

　　[2]　28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.     GRAVAMEN OF COMPLAINT

Brandstatt suffers from an advanced case of hepatitis–C.  Brandstatt alleges that, despite his numerous requests the Defendants have refused to treat his hepatitis –C with Pegasys® (peginterferon alfa-2a), either alone or in combination with telaprevir.  Brandstatt further alleges that CDCR has increased the criteria for treatment of hepatitis–C from 35% liver involvement (stage 2, grade 2) to 50% liver involvement (stage 3, grade 2).  As relief, Brandstatt requests this Court order the Defendants to provide him with the combination Pegasys® (peginterferon alfa-2a)—telaprevir treatment.

---

[9]     *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]    *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]    *Id.*

[12]    *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III.   APPLICABLE STANDARD

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[13]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[14] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[15]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[16] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or

---

[13]   *Estelle v. Gamble,* 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[14]   *Id.* at 106.

[15]   *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[16]   *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983.  A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[17]

The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

> [A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. . ..  The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[18]

---

[17]   *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[18]   *Farmer v. Brennan*,  511 U.S. 825, 834 (1994) (citations and internal quotations omitted); see also *Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731  (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

**IV.   DISCUSSION**

It is unclear from the Complaint whether Brandstatt is alleging that the Defendants have failed or refused to treat his hepatitis–C at all, or simply that they have refused to provide the treatment that he contends should be provided.[19]  The difference is significant. A refusal to treat at all will ordinarily constitute deliberate indifference.  A refusal to provide a particular treatment, however is, as noted above, generally at most medical malpractice, not cognizable in a § 1983 civil rights action.

This matter is further complicated by the allegation that the failure to prescribe the requested Pegasys® (peginterferon alfa-2a)/telaprevir treatment was mandated by CDCR policy, not the independent medical judgment of the attending physicians.  That is, even if the attending physicians in their medical opinion believed the Pegasys® (peginterferon alfa-2a)/telaprevir treatment was appropriate or necessary, they lacked the authority to provide that treatment.

The most significant problem facing this Court is that Brandstatt's allegations are conclusory, devoid of any factual underpinning. That is, even accepting as true Brandstatt's allegations that the Defendants failed to prescribe a regime of Pegasys® (peginterferon alfa-2a)/telaprevir treatment, does not necessarily establish deliberate indifference.  To constitute a viable deliberate indifference claim must allege more than simply stating the

---

[19]   Indeed, from the Complaint the only allegation as to the treating physicians was that they were "involved" by reason of a "physician's order" (Drs.Enenmoh and Ugwueze) or a "primary care provider progress note" (Drs Nyenke and Tiggs-Brown), without specifying what those orders or progress notes provided.

Defendants, or any of them, failed or refused to provide him with a particular treatment.  To show deliberate indifference, Brandstatt must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[20]  "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[21]  The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official acted . . . despite his knowledge of a substantial risk of serious harm.'"[22]

As presently constituted the Complaint fails to state a viable cause of action against any Defendant and must be dismissed.  At this stage of the pleadings this Court cannot say that Brandstatt cannot plead a viable claim against one, or more, of the Defendants.  Accordingly, dismissal will be with leave to amend.  In filing his Amended Complaint Brandstatt should attach, to the extent available, copies of all documents evidencing action taken by the Defendants, or any of them.

---

[20]  *Farmer*, 511 U.S. at 837.

[21]  *Wallis*, 70 F.3d at 1077.

[22]  *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

**V.    ORDER**

**IT IS THEREFORE ORDERED THAT** the Complaint is hereby **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED THAT** Plaintiff has until **September 13, 2013**, within which to file his amended complaint consistent with Part IV, above, in the form as provided by the Clerk of the Court.

**IT IS SO ORDERED** this 12th day of August, 2013

/S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE