UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HUBERT LLOYD BRANDSTATT,<br><br>          Plaintiff,<br><br>vs.<br><br>DR. ANTHONY ENENMOH, C.M.O, *et al.*,<br><br>          Defendants. | Case No. 1:13-cv-00434-RRB<br><br>**DISMISSAL ORDER** |

William Hubert Lloyd Brandstatt, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against various officials.[1] Brandstatt is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the California State Prison–Corcoran.  Upon initial screening this Court dismissed Brandstatt's Complaint with leave to amend.[2]  Pending before this Court is Brandstatt's Amended Complaint.

---

[1]      In addition to Dr. Enemoh, Brandstatt has named as Defendants Dr. Godwin Ugwueze, Dr. Nyenke, Dr. Tiggs-Brown, L.D. Zamora, Chief of Medical Appeals, and John Doe, the federally appointed receiver.

[2]      Docket 16.

## I.      SCREENING REQUIREMENTS

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3]  This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  Failure to state a claim under § 1915A incorporates the familiar standard

---

[3]      28 U.S.C. § 1915A(a).

[4]      28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5]      42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6]      *See Booth*, 532 U.S. at 734.

[7]      Fed. R. Civ. P. 8(a)(2).

[8]      *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 2

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed

by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

doubt, and dismissal should be granted only where it appears beyond doubt that the

plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

To state a claim requires the presentation of factual allegations sufficient to state

a plausible claim for relief.[10]  "[A] complaint [that] pleads facts that are 'merely consistent

with' a defendant's liability . . . 'stops short of the line between possibility and plausibility

of entitlement to relief.'"[11] Further, although a court must accept as true all factual

allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions

as true.[12]  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."[13]

## II.    GRAVAMEN OF COMPLAINT

Brandstatt suffers from an advanced case of Hepatitis–C.  Brandstatt alleges that,

despite his numerous requests, the Defendants have refused to treat his Hepatitis –C with

Pegasys® (peginterferon alfa-2a), either alone or in combination with telaprevir.  As relief,

Brandstatt requests this Court order the Defendants to provide him with the combination

---

[9]       *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10]      *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11]      *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]      *Id.*

[13]      *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pegasys® (peginterferon alfa-2a)—telaprevir treatment as well as award him damages for the past failure to provide the treatment.

## III.   APPLICABLE STANDARD

The Supreme Court, applying the Eighth Amendment in the context of providing medical care to prisoners, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[14]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[15]  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[16]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[17] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

---

[14]     *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks, and citations omitted).

[15]     *Id.* at 106.

[16]     *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[17]     *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong - defendant's response to the need was deliberately indifferent - is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[18]

The United States Supreme Court has outlined a two-part test to determine if prison

officials have violated a prisoner's rights under the Eighth Amendment:

[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. . . . The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[19]

---

[18]    *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[19]    *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 5

IV.    **DISCUSSION**

Brandstatt has exhausted his administrative remedies.  At the second level of review

on December 17, 2010, Defendant Enenmoh held:

**ISSUE**:
On CDC 602 Inmate/Parole Appeal Form dated September 12, 2010, you write this is the second time you have completed this 602, you state you have Hep C, you want the Pegasys treatment. You state you have already requested the treatment twice since your arrival in December 2009 with negative results.

**ACTION REQUESTED**:
You request the Pegasys treatment. (9/20/10 additional note) writing you requested this treatment at least twice since arriving at this facility in December of 2009, still not administered.

You were dissatisfied with the First Level Decision writing, "I have been fighting this issue since 2004 when I found out that I had this disease. No committees, no reviews.  Give me the Pegasys treatment."

**INTERVIEW**:
You were interviewed at the First Level Review on October 28, 2010 by F. Soto, Registered Nurse regarding the issues of this appeal. Effective communication was obtained through slow, clear speaking and evidenced in that you were able to appropriately ask and respond to questions regarding the issues in this appeal.

**REGULATIONS**:
The rules governing this issue are taken from the California Code of Regulations (CCR),
•        CCR Title 15; Section, 3350 Provision of Medical Care and Definitions
•        CCR Title 15; Section, 3354 Health Care Responsibilities and Limitations

**SUMMARY**:
Review of your Unit Health Record (UHR) revealed the following:
You were seen and examined by your Primary Care Physician on October 21, 2010.  Based on the exam the doctor referred you to the Hep C clinic for a consult.

Upon prepping your unit health record for the Hep C clinic it was found that
you were scheduled in error as your current medical condition does meet the
necessary criteria for Hepatitis C Treatment at this time. You are encouraged
to discuss the protocol for Hepatitis C with your primary care physician.

**DECISION**:
Based on the above information, the decision rendered at the First Level of
Review has changed.  This appeal is DENIED as your current medical
condition does not meet criteria for Hepatitis C Treatment at this time. You
are advised to discuss Hep C Protocols with your Primary Care Physician.[20]

On April 26, 2011, at the Director Level, Defendant Zamora, held:

**ISSUES**:
Your CDCR 602 Inmate/Parole Appeal Form dated September 12, 2010, you
wrote this was the second time you have competed this 602; you stated you
have Hepatitis C (Hep C) you wanted the Pegasys treatment; and you stated
you have already requested the treatment twice since your arrival in
December 2009 with negative results.

You requested the following:
•       To receive Pegasys treatment for HCV.

**PRIOR APPEAL HISTORY**:
Informal Level:
The informal level was bypassed and the appeal was elevated from the
informal level to the first level of review.
First Level:
At the first level, submitted on September 12,2010, you stated your issues
and requests as noted above.
The First Level Response (FLR) stated your appeal was partially granted and
indicated:
                •       you were interviewed by Registered Nurse (RN) Soto on
                        October 28, 2010;
                •       you [*sic*] Unit Health Record (UHR) was reviewed;
                • .     you were seen in Delta Clinic by Dr. Ugwueze on October 21,
                        2010;
                •       MD line follow up in 60 days;
                •       you would be referred to a Hepatologist for a consult; and
                •       MAR Committee Review.

_____

[20]      Amended Complaint, Exh. A [Docket 23, p. 14].

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 7

Second Level:
At the second level, submitted on November 17, 2010, you stated you were dissatisfied with FLR; and you stated give you the Pegasys treatment.[21]
The Second Level Response (SLR) stated your appeal was denied and indicated:

- you were scheduled in error as your current medical condition did not meet the necessary criteria for Hep C treatment at this time; and
- you were encouraged to discuss the protocol for Hep C with your primary care provider.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

At the Director's Level of Review (DLR), submitted on January 4, 2011, you stated you have a life threatening disease and wanted it treated as soon as possible.

At the DLR, your appeal file and documents obtained from your Unit Health Record (UHR) were reviewed by licensed clinical staff who determined your care related to your appeal issues was adequate as you received medical treatment, specialist, pain medication was provided and additional diagnostic testing was completed to address your concerns. Based on the review, it appears that your appeal issues have been addressed.

The FLR indicated a review of the California Substance Abuse Treatment (SATF) list of "Inmates with Test .of Adult Basic Education (TABE) Reading Scores of 4.0 or Less" indicates you have a Reading Grade Point Level (RGPL) above 4.0 and you have no disabilities requiring special accommodation to achieve effective communication.

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Program Policies and Procedures (2006); and the Department Operations Manual.

---

[21]     Amended Complaint, Exh. A [Docket 23, p. 13].

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 8

**ORDER:**
No changes or modifications are required by the institution.[22]

Also attached to the Complaint is a First Level Health Care Appeal Response dated

December 20, 2011:

**APPEAL ISSUE**:
In your CDCR-602 HC Inmate/Parolee Health Care Appeal Form received on 11-29-2011 you indicate the following: I have submitted 2 different 7362 forms numbers 9860168 and 1712696 requesting to see a doctor about treatment for my Hep-C. the first was dated 10-7-11 and the second was 11-3-11. I have not received any response at all.

**ACTION REQUESTED**:
You requested the following:
1) To see a doctor so he can see about treatment for his hepatitis C.

**INTERVIEW**:
You were interviewed by Nyenke, MD on 12-6-2011 regarding the issues submitted in this appeal. During the interview, you were allowed the opportunity to provide clarification in regards to your appeal issue(s).
\* \* \* \*
**SUMMARY**:
Review of your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

Based on review of primary care provider progress note dated on 12-6-2011, there is no indication for active treatment of inmate's hepatitis C at this time. per progress notes "53 year old with a history of hepatitis C genotype 1. He had a liver biopsy in 2005 and again in 2009. Both showed stage 1 fibrosis. CDCR current policies and guidelines recommend no prescription treatment for this group of patients." Plan of care per progress notes, "Hepatitis C-Genotype 1 stage 1 fibrosis. Patient advised to continue avoidance of hepatotoxic agents. He claims he exercises daily (cardio) and has been advised to continue. Obtain routine labs."[23]

---

[22]    Amended Complaint, Exh. A [Docket 21, p. 15].

[23]    Amended Complaint, Exh. A [Docket 23, p. 37]. Brandstatt does not allege that he pursued this avenue further as provided by the applicable California regulations.

Also attached to the Amended Complaint is a copy of the California Heath Care Services Hepatitis C Chronic Care Program Policy.[24]  It is clear from the Amended Complaint and attachments that Brandstatt acknowledges that ,in this case, the physician Defendants did nothing more than adhere to CDCR policy.[25]  Indeed, it is CDCR policy, not the acts of the physicians involved, that Brandstatt is challenging.  The theory underlying Brandstatt's  complaint is that the treating physicians have not "pushed for exemption from the [CDCR] criteria" per Brandstatt's request.[26]

To show deliberate indifference, Brandstatt must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[27]  "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[28]  The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official acted . . . despite his knowledge of a substantial risk of serious harm.'"[29]

---

[24]     Amended Complaint, Exh. C [Docket 23, pp. 74–112].

[25]     That factor differentiates this case from the Supreme Court decision in *Erickson v. Pardus*, 552 U.S. 89 (2007), in which the prisoner met the Department's standards for the treatment that was denied.

[26]     Amended Complaint, pp. 8–9 [Docket 23, pp. 8–9].

[27]     *Farmer*, 511 U.S. at 837.

[28]     *Wallis*, 70 F.3d at 1077.

[29]     *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

Brandstatt's attack on CDCR policy fails to clear significant hurdle:  i.e., refusal to provide a particular treatment, basically a difference in medical opinion, is generally, at most, medical malpractice, not cognizable in a § 1983 civil rights action. To constitute a viable deliberate indifference claim, Brandstatt must allege more than simply stating that the policy followed by the Defendants, or any of them, precluded providing him with a particular treatment.  He must show that the course dictated by the policy was medically unacceptable under the circumstances, and that policy was chosen in conscious disregard of an excessive risk to Brandstatt's health.[30]  In this case it is clear that Brandstatt does not meet that standard.

As presently constituted the Complaint fails to state a viable cause of action against any Defendant and must be dismissed.  It is also apparent from the Amended Complaint and the documents attached thereto that Brandstatt cannot truthfully plead a viable cause of action under § 1983.  Accordingly, granting leave to amend would be futile.[31]

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

---

[30]     *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004); *Jackson v. MacIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Wild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. State of Ore., State Welfare Div.*, 662 F.2d 1337, 1334 (9th Cir. 1981).

[31]     *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 11

Accordingly, any appeal would be frivolous or taken in bad faith, and Brandstatt's *in forma pauperis* status should be revoked.[32]

## V.     ORDER

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.      The Amended Complaint on file is hereby **DISMISSED**, without leave to amend;

2.      Brandstatt's *in forma pauperis* status is hereby **REVOKED**; and

3.      The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 9th day of October, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[32]      28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).

DISMISSAL ORDER
*Brandstatt v. Enemoh*, 1:13-cv-00434-RRB – 12